UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANGELA ALSTON, | ) | CASE NO. 1:10 CV 1574 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| U.S. DEPARTMENT OF HOMELAND | ) | AND ORDER |
| SECURITY. | ) | |
| | ) | |
| Defendant. | ) | |

On July 15, 2010, plaintiff *pro se* Angela Alston filed
this *in forma pauperis* action under the Freedom of Information Act
(FOIA) against the Department of Homeland Security.  For the
reasons stated below, this action is dismissed pursuant to 28
U.S.C. § 1915(e).

The complaint consists of several disjointed statements
concerning plaintiff's requests for information.  For example,
plaintiff sought to "find out when I reported to Secret Service a
question posed by Jim Axelrod from CBS News to both Presidents so
that I can have the dates to look up in government documents or
archives to find the News footage so that I can get the proof that
is required of me about what I reported so that I can get the help
I need from the Secret Service."  She further alleges: "I was in
contact when Bill Clinton was president to the U.s. Secret Service
in Grand Rapids, Mi.  I can't give dates because they will not

release my report to me. I am asking the Court that they also take into consideration that they are responsible for me having a baby with HIV in 1997."

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

of further factual enhancement. *Id*.  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*.

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim.  *See*, *Lillard* v. *Shelby County Bd*. *of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

3